IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-00368-FL

| | |
|---|---|
| ROBERT L. BRADSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb, regarding the cross-motions of the parties on the pleadings (DE ## 17, 22). The magistrate judge recommended that plaintiff's motion should be denied, defendant's motion should be granted, and the final decision of the Commissioner should be upheld, denying disability insurance benefits to plaintiff. Plaintiff filed objections to the M&R (DE # 26), and the time to respond having expired, the issues presented are ripe for ruling. For the following reasons, this court adopts the M&R of the magistrate judge denying disability benefits and enters this opinion addressing *de novo* the portions of the M&R to which plaintiff has raised objection.

PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits ("DIB") on January 16, 2004, alleging that he became unable to work on April 12, 2002. Plaintiff's application was denied initially and upon reconsideration. Following an administrative hearing, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled during the relevant time period, in a decision dated

February 16, 2006. The Social Security Administration's Office of Hearings and Appeals denied plaintiff's request for review, thereby rendering the decision of the ALJ final. Plaintiff commenced an action September 12, 2006 seeking judicial review of the ALJ's final decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

A.   Standard of Review

The court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). When reviewing under the substantial evidence standard, the court should not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Rather the court will examine the decision of the ALJ with respect to the ALJ's application of law: "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. Accordingly, the district court must ascertain whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

In considering objections to the magistrate judge's recommendation, the district court conducts a *de novo* inquiry into the portions of the M&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify,

2

Case 5:06-cv-00368-FL   Document 27   Filed 09/24/07   Page 2 of 9

in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## ANALYSIS

A. ALJ's consideration of medical opinions

Plaintiff first objects to the ALJ's decision to assign decreased evidentiary weight to two medical opinions presented by plaintiff. This objection consists of two arguments: 1) that the ALJ failed to provide an acceptable rationale for the assignment of weight, and 2) that these decisions of the ALJ with regard to evidentiary weight were not supported by substantial evidence. Plaintiff focuses this objection upon two separate medical opinions, one from nurse practitioner Monica Capp, and the other from Dr. Martha Parah, both employees of Triangle Primary Care. Plaintiff objects to the magistrate judge's determination that these medical opinions are unsupported by clinical findings, and argues that these opinions from treating sources deserve added weight, if not controlling weight. Citing 20 C.F.R. § 404.1512(e)(1), plaintiff alternatively argues that even if the medical opinions lack the necessary support, the ALJ should be required to either recontact the medical source for more information, or direct plaintiff to do so. Plaintiff also claims that the ALJ's decisions with respect to these medical opinions were not supported by substantial evidence.

A treating physician's medical opinion will only be entitled to controlling weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Pursuant to this requirement, if a physician's opinion lacks sufficient clinical evidence or if it is in conflict with other substantial evidence in the record it should be accorded significantly less weight. Craig, 76 F.3d at 590. Thus, "under such circumstances the ALJ holds the

3

discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178, citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Finally, an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings." Wireman v. Barnhart, 2006 WL 2565245 (Slip Op. at 8) (W.D. Va. 2006).

Upon *de novo* review of the record, the court finds that the magistrate judge did not err in upholding the ALJ's decision to assign decreased weight to the medical opinions of plaintiff's treating sources. The magistrate judge concluded, and this court concurs, that the ALJ provided an adequately explained rationale for discounting the weight of the medical opinions in question. Furthermore, this court finds that persuasive evidence conflicts with the medical opinions at issue, and that substantial evidence supports each of the ALJ's findings with respect to these opinions.

The first medical opinion at issue is a statement of disability form which plaintiff claims should not have been granted reduced evidentiary value by the ALJ. The statement of disability form, which was a standard form utilized by an insurance company, was completed by Dr. Parah on June 10, 2002. The ALJ provided a legitimate rationale for discounting the weight of this evidence, explaining that the contents of the opinion are less probative because the statement was merely a boilerplate insurance form that was filled out by Dr. Parah, as opposed to an independently-produced report based upon the findings of repeated clinical examinations (Tr. at 16). Furthermore, the ALJ considered the clinical findings of Dr. Parah, namely stiff gait, knee tenderness, and a "difficult" range of motion with crepitus, and determined that these findings were inconsistent with Dr. Parah's conclusions on the form that plaintiff was unable to lift, could stand for only 15 minutes, and could sit for only 30 minutes (Tr. at 16, 136). Finally, the medical opinion of Dr. Parah was contradicted

4

by persuasive evidence in the record, namely the medical opinion of Dr. Gonzalo Fernandez, a residual functional capacity ("RFC") assessment, and plaintiff's own testimony, all of which produced disability findings that contradicted the findings included by Dr. Parah on the insurance disability form. In light of these factors, the ALJ's decision with regard to the weight of this medical opinion was proper, and the record contains substantial evidence to support such a determination in this instance.

The second medical opinion which draws an objection from plaintiff is a letter in which Monica Capp, a nurse practitioner, provides her opinion regarding the restrictions on plaintiff's ability to work. Capp's letter claims that plaintiff can sit for no more than two hours and can stand for no more than 30 minutes in an eight hour work day (Tr. at 188). The ALJ explained that one reason she allocated reduced evidentiary weight to this evidence was because a nurse practitioner, rather than an actual physician, had produced the report. Id. at 17. Under 20 C.F.R. § 416.913(a) a nurse practitioner does not qualify as an acceptable source for a medical opinion establishing impairment. While plaintiff contends that Nurse Capp's medical opinion was signed-off on by Dr. Kofi Bruce-Mensah, the ALJ expressed some doubt as to the authenticity of the signature (Tr. at 17). Regardless of whether or not a physician actually signed the letter, the medical opinions pertaining to plaintiff's employment restrictions and level of impairment contained therein derive from Nurse Capp, and as such cannot be used to establish impairment under the regulations. In explaining the decision to downgrade the probative value of Capp's assessment the ALJ also pointed out that:

> [the] restrictions [outlined by nurse practitioner Capp] are not supported by the findings present in the notes of the claimant's examinations and are therefore conclusory, the letter states conclusions that are reserved for the Commissioner and the letter was written after the claimant returned for treatment at the clinic in February 2005 after he had not been since August 2003." Id. at 17.

5

Plaintiff suggests that Nurse Capp's opinion should be considered as that of a treating physician and therefore accorded substantial evidentiary weight, but the 18-month gap in treatment combined with Capp's non-physician status belies such a characterization. In light of all these considerations, this court agrees with the magistrate judge that there was nothing improper in the ALJ's assignment of decreased weight to Nurse Capp's medical opinion, and that the ALJ's determination was supported by substantial evidence.

Plaintiff alternatively argues that even if the medical findings lacked sufficient support, the ALJ was required either to seek more information regarding the findings, or to direct plaintiff to do so. To support this claim plaintiff cites to 20 C.F.R. § 404.1512(e)(1). While plaintiff is correct that 20 C.F.R. § 404.1512(e)(1) provides the ALJ with a mechanism to recontact medical sources for information, the cited provision only creates a requirement for an ALJ to recontact a physician when the evidence in question "is inadequate for [the ALJ] to determine whether [the claimant] is disabled." 20 C.F.R. § 404.1512(e). In plaintiff's case, the record contained sufficient evidence and information for the ALJ to make a disability determination, and the ALJ was therefore under no obligation to recontact the sources of the medical opinions at issue. Accordingly, 20 C.F.R. § 404.1512(e) places no affirmative duty of investigation upon the ALJ in this instance, and plaintiff's objection on this issue lacks merit.

Upon *de novo* review of the administrative record, this court finds that the magistrate judge correctly determined that the ALJ's assignment of evidentiary weight to the medical opinions was supported by substantial evidence. While the evidence presented by plaintiff establishes that he suffers from medical impairment, the record contains substantial evidence that despite being impaired, plaintiff retained the residual functional capacity to perform a significant range of light

work. On March 2, 2004, Dr. Gonzalo Fernandez examined plaintiff, concluding that he did not suffer from any manipulative limitations, and furthermore that he "should be able to stand and walk two hours to maybe four hours and sit four to six hours in an eight-hour day with normal breaks" (Tr. at 156). Additionally, on March 11, 2004, an assessment of plaintiff's RFC concluded that plaintiff could: 1) occasionally lift and/or carry 20 pounds, 2) frequently lift and/or carry 10 pounds, 3) stand and/or walk about 6 hours in an 8-hour workday, and 4) sit for a total of about 6 hours in an 8-hour workday. Id. at 159. Pursuant to these findings, the RFC deemed plaintiff fit to perform light work. Id. at 159-160. Based upon this RFC, a vocational expert testified that given plaintiff's occupational capabilities there were a number of jobs which he would be able to perform. Id. at 232-233. The vocational expert further testified that these jobs existed in significant number in the national economy. Id. In light of this evidence and upon careful review of the record as a whole, this court agrees that substantial evidence supports the ALJ's finding that plaintiff was not disabled.

B.     ALJ's evaluation of plaintiff's subjective testimony

Finally, plaintiff objects to the conclusions drawn by the ALJ from plaintiff's subjective testimony. This same objection was presented to, and dismissed by, the magistrate judge. Plaintiff argues that the ALJ overstepped the permissible level of discretion in assessing plaintiff's credibility, and determining that plaintiff's limited daily activity demonstrated an ability to do light work. The findings of an ALJ with regard to credibility are not easily displaced: "Because [the ALJ] had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). In the M&R, the magistrate judge correctly noted that "it is generally not

7

the role of this Court to substitute its own credibility determinations for those of the ALJ" (M&R at 11).

Upon *de novo* review, this court finds that the ALJ drew reasonable conclusions based upon plaintiff's subjective testimony. The ALJ adequately explained and supported the determinations that plaintiff was capable of light work and that the plaintiff's subjective allegations regarding his level of disability were not "fully credible" (Tr. 17-18). In rendering the decision the ALJ cited plaintiff's testimony that he was able to perform daily activities such as doing laundry, doing light cleaning around the house, going grocery shopping with his daughter, preparing simple meals, and occasionally driving an automobile. Id. The ability to accomplish these types of tasks on a daily basis demonstrates a level of functionality commensurate with a determination that plaintiff is capable of performing light work in an employment setting. Furthermore, the ALJ's ultimate determination that plaintiff was capable of light work was supported by substantial medical evidence such as the medical opinion of Dr. Fernandez, and the March 11, 2004 RFC assessment, both discussed *supra*.

With regard to plaintiff's credibility, the ALJ cited plaintiff's active efforts to procure statements of disability, including a direct request for a note of disability from an examining physician that plaintiff consulted on February 21, 2005, which was not granted. Id. The ALJ further supported the credibility determination by pointing out that plaintiff's treating physician refused to provide him with narcotic pain medication, and that the pain clinic did not view plaintiff as a suitable candidate for extended controlled substance use for his pain. Id. Finally, the ALJ cited the impending cessation of plaintiff's daughter's survivor benefits as an added incentive for the plaintiff to pursue disability payments. Id. All of these findings of fact explicated by the ALJ are reasonable

8

points of consideration which the ALJ was permitted to incorporate into the decisionmaking process, as they provide evidence that bears upon the question of plaintiff's credibility. Furthermore, these findings serve to explain the basis for the ALJ's determination, while also functioning as substantial evidence to support the ALJ's ultimate credibility judgment.

Overall, the findings of fact provided by the ALJ demonstrate that the assessment and evaluation of plaintiff's subjective testimony were based upon careful consideration of the relevant evidence relating to plaintiff's impairments and limitations. The ALJ combined plaintiff's own testimony with credible medical evidence from multiple sources to determine that plaintiff was capable of light work. In short, the ultimate conclusions of the ALJ were sufficiently explained, and were supported by medical findings and other evidence in the record as required under substantial evidence analysis. As such, the ALJ's interpretation of plaintiff's subjective testimony was proper, and plaintiff's objection on this ground is dismissed.

CONCLUSION

Upon *de novo* review, the court finds no merit in plaintiff's objections. Therefore, adopting and incorporating herein the recommendation of the magistrate judge, the court upholds the decision of the Commissioner. Plaintiff's motion for judgment on the pleadings (DE #17) is DENIED, and defendant's motion for judgment on the pleadings (DE #22) is GRANTED. The clerk is directed to close the case.

SO ORDERED this the 20th day of September, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge